UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFF SUH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XL FLEET CORP, THOMAS J. HYNES III, DIMITRI KAZARINOFF, and JONATHAN J. LEDECKY,<br><br>Defendants. | Case No.  1:21-cv-02002 (LGS) (GWG) |
| SOURABH KUMAR, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>XL FLEET CORP, THOMAS J. HYNES III, DIMITRI KAZARINOFF, and JONATHAN J. LEDECKY,<br><br>Defendants. | Case No.  1:21-cv-02171 (LGS) (GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
OF RICKY BABANI FOR CONSOLIDATION
OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF LEAD COUNSEL</u>**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1
STATEMENT OF FACTS .......................................................................................................... 2
ARGUMENT .................................................................................................................................. 3
I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED ........................................ 3
II.    MR. BABANI SHOULD BE APPOINTED LEAD PLAINTIFF ....................................... 4
     A.     Mr. Babani is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff. ................................................................... 5
     B.     Mr. Babani has the largest known financial interest in the Action. ........................ 5
     C.     Mr. Babani otherwise satisfies the Requirements of Rule 23. ................................ 6
III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ........... 7
CONCLUSION ................................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                                      **PAGE(S)**

*Bassin* v. *Decode Genetics, Inc.*, 230 F.R.D. 313 (S.D.N.Y. 2005) .............................................. 4

*Johnson* v. *Celotex Corp.*, 899 F.2d 1281 (2d Cir. 1990) ............................................................ 3

*Kaplan* v. *S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373 (S.D.N.Y. 2015) .................................. 7

*Khunt* v. *Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523 (S.D.N.Y. 2015) .......................... 6, 7

*Lax* v. *First Merchants Acceptance Corp.*, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ............... 5

*Malcolm* v. *Nat'l Gypsum Co.*, 995 F.2d 346 (2d Cir. 1993) ........................................................ 3

*Varghese* v. *China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388 (S.D.N.Y. 2008) ....... 7

**RULES**

Fed. R. Civ. P. 23 ................................................................................................................. *passim*

Fed. R. Civ. P. 42 .................................................................................................................... 1, 2

**STATUTES**

15 U.S.C. § 78u-4(a)(3) ....................................................................................................... *passim*

**OTHER AUTHORITIES**

Manual for Complex Litigation (Third), § 20.123 (1995) ............................................................ 3

Lead Plaintiff movant Ricky Babani respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Federal Rule of Civil Procedure 42, for an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing Mr. Babani as Lead Plaintiff on behalf of all persons and entities who purchased or otherwise acquired XL Fleet Corp. ("XL Fleet") securities between October 2, 2020 and March 2, 2021, both dates inclusive (the "Class Period"); and (3) approving proposed Lead Plaintiff's selection of the Thornton Law Firm LLP as Lead Counsel for the Class and Labaton Sucharow LLP as Liaison Counsel.

## PRELIMINARY STATEMENT

On March 8, 2021 and March 12, 2021, these two Related Actions were filed in this District alleging the same violations of the federal securities laws on behalf of identical classes of persons and entities who purchased XL Fleet securities between October 2, 2020 and March 2, 2021. Mr. Babani purchased over 14,000 shares of XL Fleet during the Class Period, and for the reasons set forth in this memorandum and the accompanying declaration of Guillaume Buell (the "Buell Decl."), Mr. Babani should be appointed Lead Plaintiff because he satisfies the requirements of both Rule 23 and the PSLRA. For the reasons set forth herein, the Related Actions should be consolidated, Mr. Babani should be appointed Lead Plaintiff, and his chosen counsel approved.

Mr. Babani respectfully submits that because he is unaware at this time of who, if any, will file competing motions for appointment as lead plaintiff, it is not practicable to file a pre-motion letter pursuant to the Court's Individual Rule and Procedure III.A.1.

## STATEMENT OF FACTS[1]

XL Fleet provides vehicle electrification solutions for commercial and municipal fleets in North America. XL Fleet formed via merger of XL Hybrids, Inc. ("XL Hybrids") and Pivotal Investment Corporation II ("Pivotal"), which closed on or about December 22, 2020 (the "Merger"). Pivotal was a special purpose acquisition company incorporated for the purpose of entering into a merger, share exchange, asset acquisition, share purchase, recapitalization, reorganization or similar business combination with one or more businesses or entities.

The complaints allege that on March 3, 2021, Muddy Waters Research ("Muddy Waters") published a report entitled "XL Fleet Corp. (NYSE: XL): More SPAC Trash," alleging, among other things, that salespeople "were pressured to inflate their sales pipelines materially in order to mislead XL's board and investors" and that "customer reorder rates are in reality quite low" due to "poor performance and regulatory issues." Citing interviews with former employees, the report alleged that "at least 18 of 33 customers XL featured were inactive." Muddy Waters also claimed that XL has "weak technology" and that "XL's announcement of future class 7-8 upfits seems highly promotional" because the task is "too technologically complex for XL engineers to deliver on the promised timeline." On this news, the Company's share price fell $2.09, or 13%, to close at $13.86 per share on March 3, 2021, on unusually heavy trading volume. The share price continued to decline by $2.69, or 19.4%, over two consecutive trading sessions to close at $11.17 per share on March 5, 2021, on unusually heavy trading volume.

On March 8, 2021 plaintiff Jeff Suh filed a complaint against XL Fleet, Thomas J. Hynes, Dimitri Kazarinoff, and Jonathan Ledecky alleging that they violated the Securities Exchange

---

[1] Unless otherwise indicated, these facts are drawn from the factual allegations in both the *Suh* and *Kumar* complaints. *See* Complaint, No. 21-cv-02002 (S.D.N.Y. Mar. 8, 2021), ECF No. 1 at 4-15; Complaint, No. 21-cv-02171 (S.D.N.Y. Mar. 12, 2021), ECF No. 1 at 5-16.

2

Act of 1934 during the Class Period. *See* Complaint, No. 21-cv-02002 (S.D.N.Y. Mar. 8, 2021), ECF No. 1 at 4-15 (the "*Suh* Action"). Plaintiff Suh alleges that he and a proposed class of XL Fleet investors who purchased XL Fleet securities during the Class Period were harmed by these violations of the Exchange Act. On March 12, 2021, plaintiff Sourabh Kumar filed a nearly identical lawsuit alleging the same claims on behalf of the same class of plaintiffs. *See* Complaint, No. 21-cv-02171 (S.D.N.Y. Mar. 12, 2021), ECF No. 1 at 5-16 (the "*Kumar* Action").

On March 8, 2021, counsel for plaintiff Suh issued notice regarding the filing of his lawsuit, notifying investors that they had until May 7, 2021 to timely file a motion for appointment as lead plaintiff. Buell Decl. Ex. A.

## ARGUMENT

### I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is especially appropriate where, as here, the actions involve common questions of law and fact, and would avoid unnecessary cost, delay and overlap in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *Malcolm* v. *Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson* v. *Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *see also* Manual for Complex Litigation (Third), § 20.123 (1995).

The Related Actions involve common questions of law and fact. Each action was brought against the same defendants in connection with violations of the federal securities laws. They allege substantially the same wrongdoing—namely that the Defendants issued materially false

and misleading statements and omissions that artificially inflated the price of the XL Fleet's securities and subsequently damaged the Class Members when its stock price dropped as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin* v. *Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced).

## II.     MR. BABANI SHOULD BE APPOINTED LEAD PLAINTIFF

Mr. Babani should be appointed Lead Plaintiff because, to the best of his counsels' knowledge, he has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule of Civil Procedure 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Mr. Babani satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Mr. Babani is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On March 8, 2021, counsel for the plaintiff in the *Suh* Action (the first of the Related Actions to be filed) caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that litigation had been filed against Defendants and which advised investors that they had until May 7, 2021, to file a motion to be appointed as lead plaintiff. *See* Buell Decl., Ex. A. Mr. Babani has timely filed this motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. B. Accordingly, Mr. Babani satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B. Mr. Babani has the largest known financial interest in the Action.

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his counsels' knowledge, Mr. Babani has the largest financial interest of any XL Fleet investor seeking to serve as Lead Plaintiff. For claims arising under Exchange Act §10(b), courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax* v. *First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See* 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). In accord

with other courts nationwide, these *Lax* factors have been adopted and routinely applied by courts in the Second Circuit. *See, e.g.*, *Khunt* v. *Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 530 (S.D.N.Y. 2015). During the Class Period, Mr. Babani: (1) purchased 14,357 shares of XL Fleet; (2) expended $285,537.29 on such purchases; (3) retained 14,357 shares; and (4) has incurred losses of $156,305.96 on a LIFO basis in connection with his transactions during the Class Period. See Buell Decl., Ex. C. To the extent that Mr. Babani possesses the largest financial interest in the outcome of this litigation among any competing movants, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

        C.        **Mr. Babani otherwise satisfies the Requirements of Rule 23.**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

At this stage of the litigation, a "moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Khunt*, 102 F. Supp. 3d at 536. "The adequacy requirement is satisfied where: 1) class counsel is qualified, experienced, and generally able to conduct the litigation; 2) the class members' interests are not antagonistic to one another; and 3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Id.* This has been shown here, including by Mr. Babani's supplemental declaration. *See* Buell Decl. Ex. F.

Mr. Babani has retained counsel experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). There is no evidence of antagonism or conflict between Mr. Babani's interests and the interests of the Class. Mr. Babani has submitted a signed Certification and Declaration declaring his commitment to protect the interests of the Class (*see*

6

Buell Decl., Exs. B and F), and his significant losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure vigorous adequacy.

"Typicality is satisfied when the moving plaintiffs injuries arose from the same course of conduct of the defendant that injured the other class members." *Khunt*, 102 F. Supp. 3d at 539. Mr. Babani's claims are typical of those of the Class. As with all Class members, Mr. Babani was allegedly harmed when Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts or omitting to disclose material facts concerning XL Fleet. Mr. Babani, as did all members of the Class, purchased securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

### III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also Kaplan* v. *S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("'The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'") (quoting *Varghese* v. *China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008).

Here, Mr. Babani has selected Thornton as Lead Counsel for the Class. Thornton Law Firm was founded in 1978. It is a leading law firm in Massachusetts, with attorneys representing

7

thousands of clients in a wide variety of plaintiff-side work. Thornton's attorneys practice, among other area, in securities litigation, consumer class actions, False Claims Act suits, toxic torts, and personal injury law. Thornton and its attorneys are experienced in securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Thornton Law Firm is and has served in leadership positions in state and federal courts throughout the country. *See* Buell Decl., Ex. D (Thornton firm resume).

Mr. Babani has also selected Labaton Sucharow LLP to serve as local/liaison counsel, as it maintains an office in this District and is well-qualified to assist in the prosecution of this action. *See* Buell Decl., Ex. E (Labaton Sucharow firm resume).

Mr. Babani's chosen counsel have the skill, knowledge, expertise, and experience that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving his selection of counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Mr. Babani respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Mr. Babani as Lead Plaintiff for the Class; and (3) approving his selection of Thornton Law Firm as Lead Counsel for the Class and Labaton Sucharow as Liaison Counsel.

Dated:  May 7, 2021  Respectfully submitted,

*/s/ Guillaume Buell*
Guillaume Buell

**THORNTON LAW FIRM LLP**
1 Lincoln Street
Boston, Massachusetts 02111
Telephone: (617) 531-3933

Facsimile: (617) 720-2445
gbuell@tenlaw.com

*Counsel for Lead Plaintiff Movant Ricky Babani and Proposed Lead Counsel for the Class*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Liaison Counsel for Movant Ricky Babani and Proposed Liaison Counsel for the Class*

9