**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFF SUH, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br> v.<br><br>XL FLEET CORP., THOMAS J. HYNES III, DIMITRI KAZARINOFF; and JONATHAN J. LEDECKY,<br><br>      Defendants. | Case No. 1:21-cv-02002-LGS<br><br>**ORAL ARGUMENT REQUESTED** |
| SOURABH KUMAR, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br> v.<br><br>XL FLEET CORP., THOMAS J. HYNES III, DIMITRI KAZARINOFF; and JONATHAN J. LEDECKY,<br><br>      Defendants. | Case No. 1:21-cv-02171-LGS |

**MEMORANDUM OF LAW IN SUPPORT OF NAVANNA RAVISANKAR SUBRAMANIAN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT .......... 1

II. FACTUAL BACKGROUND .......... 2

III. PROCEDURAL HISTORY .......... 3

IV. ARGUMENT .......... 3

A. The Above-Captioned Actions Should Be Consolidated .......... 3

B. Subramanian Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff .......... 4

1. Subramanian Filed a Timely Motion .......... 5

2. Subramanian Has the Largest Financial Interest .......... 6

3. Subramanian Satisfies the Relevant Requirements of Rule 23 .......... 7

a. Subramanian's Claims Are Typical .......... 7

b. Subramanian Is an Adequate Representative .......... 8

C. Approving Subramanian's Choice of Counsel Is Appropriate .......... 9

V. CONCLUSION .......... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Cornwell v. Credit Suisse Grp.*
  No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011) .................................10

*Dolan v. Axis Capital Holdings Ltd.*,
  No. 04 Civ. 8564, 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) ..................................................4

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ........................................................................................................9

*In re Deutsche Bank Aktiengesellschaft Sec. Litig.*,
  No. 16-CV-03495, 2016 WL 5867497 (S.D.N.Y. Oct. 4, 2016) ................................................5

*In re eSpeed, Inc. Sec. Litig.*,
  232 F.R.D. 95 (S.D.N.Y. 2005) ...................................................................................................7

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) .....................................................................................................3

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
  No. 1:08-cv-7281, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ..............................................7

*Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
  269 F.R.D. 291 (S.D.N.Y. 2010) .............................................................................................7, 8

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008) .....................................................................................5, 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
  No. 10-CV-01405, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) .............................................8

*Weltz v. Lee*,
  199 F.R.D 129 (S.D.N.Y. 2001) .................................................................................................4

**STATUTES, RULES AND REGULATIONS**

SECURITIES EXCHANGE ACT OF 1934
  §21D .............................................................................................................................................1
  §10(b) ..........................................................................................................................................1
  §20(a) ..........................................................................................................................................1

FEDERAL RULES OF CIVIL PROCEDURE
  Rule 23 ............................................................................................................ *passim*
  Rule 23(a)...................................................................................................................7
  Rule 42(a).............................................................................................................. 3, 4

15 U.S.C
  §78j(b)........................................................................................................................1
  §78t(a) .......................................................................................................................1
  §78u-4(a)(3)(A)(i)......................................................................................................5
  §78u-4(a)(3)(B).........................................................................................................4
  §78u-4(a)(3)(B)(iii)...................................................................................................6
  §78u-4(a)(3)(B)(iii)(I)...............................................................................................5
  §78u-4(a)(3)(B)(iii)(I)(bb) ........................................................................................6
  §78u-4(a)(3)(B)(iii)(I)(cc).........................................................................................7
  §78u-4(a)(3)(B)(iii)(II) .............................................................................................5
  §78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................9
  §78u-4(a)(3)(B)(iii)(aa).............................................................................................6
  §78u-4(a)(3)(B)(v) ....................................................................................................9

17 C.F.R.
  §240.10b-5 ................................................................................................................1

Navanna RaviSankar Subramanian ("Subramanian") respectfully submits this memorandum of law in support of his motion to consolidate the above-captioned actions, to be appointed as Lead Plaintiff, and for approval of his selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel (the "Motion"), pursuant to §21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of a putative class of purchasers of XL Fleet Corp. ("XL Fleet" or the "Company") securities from October 2, 2020 and March 2, 2021, inclusive (the "Class," who purchased during the "Class Period"), concerning claims under §10(b) and 20(a) of the Exchange Act, 15 U.S.C. §78j(b) and §78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5, against XL Fleet and certain of its officers and directors (collectively, "Defendants").

## I.  PRELIMINARY STATEMENT

Pursuant to the PSLRA, the movant with the largest financial interest in the relief sought by the class, who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), is presumed to be the "most adequate" plaintiff – *i.e.*, the plaintiff most capable of adequately representing the interests of class members.  The PSLRA provides that a court shall appoint the most adequate movant as lead plaintiff.  Subramanian is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of Defendants' wrongful conduct, as alleged in this action.  Moreover, Subramanian satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.  In addition, Subramanian's selection of Scott+Scott as Lead Counsel should be approved because Scott+Scott has substantial expertise in securities class action litigation and the experience and resources to efficiently and effectively prosecute this action.

## II.     FACTUAL BACKGROUND

XL Fleet provides hybrid and plug-in hybrid electric drive systems for commercial and municipal fleets in North America. ¶18.[1] On or about December 22, 2020, XL Fleet formed via merger of XL Hybrids, Inc. and Pivotal Investment Corporation II, a special purpose acquisition company incorporated for the purpose of entering into a merger with one or more businesses or entities, among other things (the "Merger"). ¶¶3, 19.

According to the Complaint, the registration statement used to effectuate the Merger – first filed with the SEC on Form S-4 in October 2020, before being subsequently amended in response to SEC inquiries and declared effective in December 2020 – and numerous press releases issued by Defendants throughout November and December 2020, claimed, among other things, that XL Fleet had reason to, and was in the process of, expanding its portfolio of solutions to meet "strong customer demand" and, further, that XL Fleet's technology enabled customers to achieve significant cost savings. ¶¶25-28, 30. According to the Complaint, however, these claims (among others) were materially false and misleading because they failed to disclose that: (1) XL Fleet's salespeople were pressured to inflate their sales pipelines to boost the Company's reported sales and backlog; (2) over half of the customers XL Fleet featured were in fact inactive and had not placed an order since 2019; and (3) its technology did not achieve stated miles per gallon gains or generate claimed returns on investments for customers. ¶¶31, 33.

The Complaint further alleges that the truth about XL Fleet's business and technology came out on March 3, 2021 when Muddy Waters published a report entitled, "XL Fleet Corp. (NYSE: XL): More SPAC Trash," alleging, among other things, that salespeople "were pressured to inflate

---

[1] Citations to "¶__" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws, filed in the *Suh* Action on March 8, 2021 (ECF No. 1) (the "Complaint"). Unless otherwise defined, capitalized terms shall have the same meaning as those set forth in the Complaint. The facts set forth in the Complaint are incorporated herein by reference.

2

their sales pipelines materially in order to mislead XL's board and investors," that "customer reorder rates are in reality quite low" due to "poor performance and regulatory issues[,]" and that "at least 18 of 33 customers XL featured were inactive[,]" according to interviews with former employees. ¶32. In addition, Muddy Waters called into question XL Fleet's claim "that its technologies lead[] to 25%+ MPG gains," citing conversations with former XL Fleet employees which led it to estimate that "fleet savings are generally only 5% to 10% and are sometimes negative." ¶33. On this news, XL Fleet shares fell $2.09 per share, or 13%, to close at $13.86 per share on March 3, 2021. ¶35. By March 5, 2021, XL Fleet shares declined even further to close at $11.17 per share. *Id.*

### III.   PROCEDURAL HISTORY

The first of the above-captioned securities class actions was filed in this Court on March 8, 2021, by Plaintiff Jeff Suh (the "*Suh* Action"). On the same day, counsel for Plaintiff Suh published a notice via *BusinessWire* announcing the filing of that case and the deadline to seek appointment as lead plaintiff (the "Notice"). *See* Ex. A to the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl."), filed in support hereof.

On March 12, 2021, a substantially similar class action complaint was filed in this Court, by Plaintiff Sourabh Kumar (the "*Kumar* Action"). The *Kumar* Action has been brought on behalf of the same Class and against the same Defendants as the *Suh* Action, and uses the same Class Period.

### IV.   ARGUMENT

#### A.   The Above-Captioned Actions Should Be Consolidated

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a).

3

*See Weltz v. Lee*, 199 F.R.D 129, 131 (S.D.N.Y. 2001). "In securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced." [2] *Id.*; *see also Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564(RJH), 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The two above-captioned actions present very similar factual and legal issues and allege similar violations of the federal securities laws against the same Defendants and on behalf of the same Class. Because the above-captioned actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in the actions. Accordingly, consolidation under Rule 42(a) is appropriate here.

### B.     Subramanian Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by a class member in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

"(aa)    has either filed the complaint or made a motion in response to a notice . . .;

 (bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and

---

[2]    Unless otherwise noted, citations are omitted, and emphasis is added.

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff":

    "(aa)    will not fairly and adequately protect the interests of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Subramanian satisfies the foregoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Subramanian has, to the best of his knowledge, the largest financial interest in this action – having lost over $598,200.00 as a result of his transactions in XL Fleet – and meets the relevant requirements of Rule 23. *See* Laughlin Decl., Ex. C. In addition, Subramanian is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Subramanian is also an experienced investor and is committed to fully and competently overseeing this litigation. *See* Laughlin Decl., Ex. D. Accordingly, Subramanian respectfully submits that he should be appointed as Lead Plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397-98 (S.D.N.Y. 2008).

    **1.**    **Subramanian Filed a Timely Motion**

On March 8, 2021, pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), counsel for Plaintiff Suh published the Notice via *BusinessWire* – a widely circulated national business-oriented wire service – announcing that the *Suh* Action had been filed against Defendants and advising XL Fleet investors that they had 60 days to file a motion to be appointed as lead plaintiff. *See* Laughlin, Decl., Ex. A; *see also In re Deutsche Bank Aktiengesellschaft Sec. Litig.*, No. 16-CV-03495 (AT)

5

(BCM), 2016 WL 5867497, at *3 (S.D.N.Y. Oct. 4, 2016) (filing a notice on wire service satisfied the PSLRA's notice requirement).

Subramanian timely filed his motion within the 60-day period following publication of the Notice and has submitted herewith a sworn certification: (1) attesting that he is willing to serve as a representative of the Class; and (2) providing his transactions in XL Fleet securities. *See* Laughlin Decl., Ex. B. By making a timely motion in response to a PSLRA notice, Subramanian satisfies the first PSLRA requirement to be appointed as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

**2.    Subramanian Has the Largest Financial Interest**

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the [the movant with] . . . the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii). Subramanian believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, should be presumed to be the "most adequate plaintiff."

Subramanian purchased XL Fleet securities at prices alleged to have been artificially inflated by way of the Defendants' scheme and/or in reliance upon the materially false and misleading statements issued by the Defendants and was injured thereby. As a result of the alleged fraud, Subramanian suffered a loss of $598,281.99. *See* Laughlin Decl., Ex. C. Subramanian is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as Lead Plaintiff. Consequently, Subramanian believes that he has the "largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Thus, Subramanian satisfies the second PSLRA requirement – the largest financial interest – to be appointed as Lead Plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. Subramanian Satisfies the Relevant Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> "(1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class."

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "'typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination.'" *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (brackets in original). At the lead plaintiff stage of the litigation, Subramanian need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *4-5 (S.D.N.Y. Nov. 24, 2008).

#### a. Subramanian's Claims Are Typical

Rule 23(a)'s typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

7

Subramanian's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Subramanian alleges that Defendants' material misstatements and omissions concerning, among other things, XL Fleet's purported customer demand and its technology's ability to achieve significant cost savings, violated the federal securities laws. Subramanian, like all members of the Class, purchased XL Fleet securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Subramanian's interests and claims are "typical" of the interests and claims of the Class.

### b. Subramanian Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Monroe*, 269 F.R.D. at 297. Subramanian has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this Action, and Subramanian's financial losses ensure that he has sufficient incentive to ensure vigorous advocacy. *See* Laughlin Decl., Exs. B-C. Subramanian is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Subramanian has submitted a declaration attesting to, *inter alia*, his education history, occupation, and investment experience, as well as his understanding of the strength of this case, the responsibilities and duties of serving as Lead Plaintiff, and his desire to obtain the best

result for the Class by, among other things, supervising this litigation. *See* Laughlin Decl., Ex. D. Therefore, Subramanian has shown his willingness and commitment to prosecute this Action vigorously on behalf of the Class.

Accordingly, because he has the largest financial interest in this action and has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23, Subramanian should be appointed as Lead Plaintiff.

### C. Approving Subramanian's Choice of Counsel Is Appropriate

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, a court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

Subramanian has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. F. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

---

[3] Recoveries obtained by Scott+Scott acting as lead or co-lead counsel include the following: *In re SanDisk LLC Sec. Litig.*, No 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, this Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Hill v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Visser v. Energy Recovery, Inc.*, No. 1:20-cv-05647 (S.D.N.Y.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Subramanian's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Subramanian's choice of counsel, the putative Class will receive the highest caliber of representation.

**V.    CONCLUSION**

For the foregoing reasons, Subramanian respectfully requests the Court grant his motion and enter an Order: (1) consolidating the above-captioned cases; (2) appointing Subramanian as

Lead Plaintiff; (3) approving Subramanian's selection of Scott+Scott as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

DATED:  May 7, 2021

        **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

        */s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Rhiana L. Swartz
Jonathan M. Zimmerman (*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6334
Facsimile:   212-223-6444
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

*Counsel for Proposed Lead Plaintiff Navanna RaviSankar Subramanian and Proposed Lead Counsel for the Class*


Brian J. Schall
**THE SCHALL LAW FIRM**
1880 Century Park E, Suite 404
Los Angeles, CA 90067-1604
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Proposed Lead Plaintiff Navanna RaviSankar Subramanian*

## **CERTIFICATION OF SERVICE**

I hereby certify that on May 7, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                               *s/ Thomas L. Laughlin, IV*
                                               THOMAS L. LAUGHLIN